

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| NEIL GRENNING, | ) | |
| | ) | No. 41148-6-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JANET NELSON, et al., | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

STAAB, C.J. — Neil Grenning, an incarcerated individual, sued various

Department of Corrections employees (collectively, "DOC employees") in their

individual and official capacities[1], raising claims of trespass to chattels and conversion

related to his personal mail. The DOC employees moved for summary judgment

dismissal of his claims, arguing he could not prove he had a right to possess the materials

at issue or that the DOC employees' interference with or taking of the materials was

unlawful. Grenning initially responded by requesting enlargement of his time to respond.

The court denied his request finding that it was untimely and that he failed to demonstrate

excusable neglect. The court ultimately granted summary judgment in favor of the DOC

---

[1] Grenning named the employees individually but did not name DOC as a
defendant; thus we refer to the employees and not the agency.

employees, dismissed Grenning's claims with prejudice, and issued him a strike pursuant to RCW 4.24.430.

Grenning appeals, arguing (1) his request to enlarge time was not untimely and should have been granted, (2) summary judgment in favor of the DOC employees was improper, and (3) he should not have been issued a strike.

We agree that Grenning's request to enlarge time was not untimely. Nevertheless, since our review is de novo, the record is sufficiently developed, and the issues sufficiently briefed, we review the substantive issues and affirm summary judgment dismissal in favor of the DOC employees. We also affirm the issuance of the strike against Grenning under RCW 4.24.430.

## BACKGROUND

While incarcerated, Grenning filed a lawsuit against numerous DOC employees, both in their individual and official capacities. Grenning's lawsuit alleged two causes of action related to three pieces of mail: conversion of his mail and trespass to chattels. As to his first claim, Grenning alleged the DOC employees withheld "a published Washington Supreme Court decision sent to [Grenning] by the Clerk of the Washington Supreme Court" at his request. Clerk's Papers (CP) at 22. He next claimed the DOC employees withheld PRA[2] documents sent to him through the mail. As to his third claim,

---

[2] Public Records Act, ch. 42.56 RCW.

Grenning alleged the DOC employees withheld "hundreds of personal letters sent to [Grenning] by friends and family, destroy[ed] the letters, and substitute[d] black and white, poor photocopies with contents removed, or with entire pages or content omitted." CP at 22.

After filing an answer, the DOC employees moved for summary judgment dismissal of Grenning's claims. In their motion, the DOC employees argued Grenning could not prove an unlawful taking of his property. The DOC employees based their argument on various DOC policies and regulations that give the DOC authority and discretion to confiscate and reject mail, and to determine the type and amount of property incarcerated individuals may possess while in DOC custody. Numerous declarations, DOC policies, and emails were filed with the DOC employees' motion. The motion was noted for a hearing without oral argument on January 24, 2025.

On Saturday, January 11, 2025, Grenning deposited into the jail's mail a motion requesting an enlargement of time to respond to the DOC employees' summary judgment motion under CR 6(b). Grenning's request for an enlargement of time was based on his claim that LexisNexis was temporarily unavailable and he needed more time given his work schedule and other legal matters. The DOC employees opposed Grenning's request for an enlargement of time, arguing it was untimely and that he "failed to show excusable neglect." CP at 454.

No. 41148-6-III
*Grenning v. Nelson*

Grenning subsequently mailed his response to the motion for summary judgment on February 19, 2025, and it was stamped as received by the court on February 25, 2025. On the same day, February 25, the court denied Grenning's motion to enlarge time to respond to the motion for summary judgment finding his request "untimely as his response date has passed." CP at 491. It also found Grenning failed to show excusable neglect. Contemporaneously, the court filed an order granting the DOC employees' motion for summary judgment and dismissed Grenning's claims with prejudice.[3] Finally, the court issued a "strike" against Grenning pursuant to RCW 4.24.430.[4]

Grenning appeals.

## ANALYSIS

1. TIMELINESS OF MOTION FOR ENLARGEMENT

Grenning argues the trial court abused its discretion by denying his request to enlarge the time to respond to the DOC employees' summary judgment motion. We agree. The court's ruling appears to rest on the premise that Grenning's motion was

---

[3] The order was stamped "FILED" on February 25, 2025, but was dated February 21, 2025.

[4] "If a person serving a criminal sentence in a . . . correctional facility seeks leave to proceed in state court without payment of filing fees in any civil action or appeal . . . the court shall deny the request for waiver of the court filing fees if the person has, on three or more occasions while incarcerated or detained in any such facility, brought an action or appeal that was dismissed by a state or federal court on grounds that it was frivolous or malicious."

4

untimely and therefore required a showing of excusable neglect.  But under the governing rules, Grenning's filing was timely.

We review a trial court's decision on a motion to enlarge time under CR 6(b) for an abuse of discretion.  *See Clipse v. Com. Driver Servs., Inc.*, 189 Wn. App. 776, 786, 358 P.3d 464 (2015).  A trial court abuses its discretion when its decision is manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.  *State v. Barry*, 184 Wn. App. 790, 802, 339 P.3d 200 (2014).  A misapplication of the law also constitutes an abuse of discretion.  *State v. Neal*, 144 Wn.2d 600, 609, 30 P.3d 1255 (2001).

Motions to enlarge time are governed by CR 6(b).  Under this rule, the court may, in its discretion, "order the period enlarged if request therefor is made before the expiration of the period originally prescribed."  CR 6(b)(1).  On the other hand, if a motion to enlarge is made after the expiration "of the specified time period," the court may "permit the act to be done where the failure to act was the result of excusable neglect."  CR 6(b)(2).

Additionally, GR 3.1(a) provides a separate filing timing rule applicable to incarcerated persons: "If an incarcerated person files a document in any proceeding, the document is timely filed if deposited in the institution's internal mail system within the time permitted for filing."

CR 56(c) sets the default statewide deadline for responding to a motion for summary judgment. It provides that the nonmoving party to a summary judgment motion "may file and serve opposing affidavits, memoranda of law or other documentation not later than 11 calendar days before the hearing." CR 56(c). By contrast, the Spokane County Superior Court Local Court Rule (LCR) 56 in effect at the time of DOC's summary judgment motion required the nonmoving party to file any responsive documents "at least fourteen (14) calendar days before the hearing." Former LCR 56 (2019).[5]

As an initial matter, we note that the local rule cannot supersede the state rule. "'[L]ocal rules may not be applied in a manner inconsistent with the civil rules' promulgated by the Supreme Court." *State v. Wade*, 28 Wn. App. 2d 100, 113, 534 P.3d 1221 (2023) (quoting *Jones v. City of Seattle*, 179 Wn.2d 322, 344, 314 P.3d 380 (2013)). "Local rules that restrict the exercise of a right created by a state-wide rule by imposing a different time requirement are inconsistent with the state-wide rule." *State v. Fuller*, 31 Wn. App. 2d 88, 96, 547 P.3d 939 (2024).

Here, Grenning's motion was timely under the applicable rules because it was filed before the expiration of his time to file a response. The motion on summary judgment was set for hearing on January 24, 2025. Under CR 56, Grenning's response or

---

[5] LCR 56 was amended and, effective September 1, 2025, the rule now comports with the state rule.

6

motion to enlarge time was due on Monday, January 13, 2025, 11 calendar days before the hearing. Grenning deposited his motion to enlarge in the prison mail system—and thus accomplished filing—on Saturday, January 11, 2025, two days before the deadline.

Because Grenning's request was timely, he was not required to show excusable neglect under CR 6(b)(2). Instead, his request should have been evaluated under CR 6(b)(1). The trial court therefore abused its discretion by treating the request as untimely, requiring Grenning to meet a higher burden, and denying relief on that basis.

2. SUMMARY JUDGMENT MOTION

While remand is appropriate in light of our conclusion, we nevertheless exercise our discretion to consider the motion on summary judgment. The issue raised on summary judgment is likely to reoccur, the record on appeal—including Grenning's response to the motion—is complete, the parties have thoroughly briefed the issue on appeal, and our review of the DOC employees' motion is de novo. *Loun v. U.S. Bank Nat'l Ass'n*, 26 Wn. App. 2d 228, 239, 525 P.3d 1280 (2023) ("In the interest of judicial economy, an appellate court may consider an issue that is likely to occur following remand if the parties have briefed and argued the issue in detail.").

Grenning argues the trial court erred by granting summary judgment in favor of the DOC employees on his conversion and trespass to chattels claims. The DOC employees respond that summary judgment was proper because Grenning cannot establish essential elements of either claim.

7

We review an order dismissing a complaint on summary judgment de novo, undertaking the same inquiry as the trial court. *Hertog v. City of Seattle*, 138 Wn.2d 265, 275, 979 P.2d 400 (1999). Summary judgment is properly granted where there is no genuine issue as to a material fact, and the moving party is entitled to judgment as a matter of law. CR 56(c). On summary judgment, once a moving party establishes this initial burden, the nonmoving party must rebut the moving party's contentions by setting forth specific facts showing there is a genuine issue for trial. *Seven Gables Corp. v. MGM/UA Ent. Co.*, 106 Wn.2d 1, 13, 721 P.2d 1 (1986); CR 56(e). "But a question of fact may be determined as a matter of law when reasonable minds can reach only one conclusion." *Miller v. Likins*, 109 Wn. App. 140, 144, 34 P.3d 835 (2001). Furthermore, we may affirm an order granting summary judgment on any legal basis supported by the record. *Martinez-Cuevas v. DeRuyter Bros. Dairy, Inc.*, 196 Wn.2d 506, 514, 475 P.3d 164 (2020).

"Conversion involves three elements: (1) willful interference with chattel belonging to the plaintiff, (2) by either taking or unlawful retention, and (3) thereby depriving the owner of possession." *Burton v. City of Spokane*, 16 Wn. App. 2d 769, 773, 482 P.3d 968 (2021). "The burden is on the plaintiff to establish ownership and a right to possession of the converted property." *Meyers Way Dev. Ltd. P'ship v. Univ. Sav. Bank*, 80 Wn. App. 655, 675, 910 P.2d 1308 (1996).

Similarly, trespass to chattels requires an intentional interference with a party's personal property, without justification, that deprives the owner of possession or use. 16 DAVID K. DEWOLF & KELLER W. ALLEN, WASHINGTON PRACTICE: TORT LAW AND PRACTICE § 14:15, at 692 (5th ed. 2020); *see also Repin v. State*, 198 Wn. App. 243, 268-69, 392 P.3d 1174 (2017) (recognizing trespass to chattels cause of action).

The primary objective of the DOC is "'to provide the maximum feasible safety' for the public, staff, and inmates." *Livingston v. Cedano*, 164 Wn.2d 46, 52-53, 186 P.3d 1055 (2008) (quoting RCW 72.09.010(1)). To that end, the DOC secretary is authorized to establish a method of reviewing all incoming mail for the purpose of confiscating anything deemed to be contraband arriving in the prison mail system. RCW 72.09.530. Contraband means, in part, items an inmate may not have in his possession as defined in regulations adopted by the DOC. WAC 137-36-020(1); *see also* RCW 72.09.015(5). Furthermore, RCW 72.02.045(3) permits a superintendent to "determine the types and amounts of property that convicted persons may possess in department facilities." Notably, Grenning does not challenge the validity or constitutionality of any of these implicated DOC policies.

Grenning's tort claims fail because, as to each set of documents at issue, he cannot show both a right to possess the item and an unlawful interference by the DOC employees. The items identified in his complaint are: (1) a copy of a Supreme Court decision concerning another inmate, (2) PRA materials rejected as duplicative, and (3)

original personal mail for which DOC provided photocopies instead. We consider each claim in turn.

### A. Supreme Court Decision

Grenning first contends the DOC employees converted a copy of a Supreme Court decision. But DOC Policy 590.500(IV)(A)(3) states: "Individuals will not possess legal materials (e.g., *case law*, legal documents) containing specific information about another currently incarcerated Washington State individual." (Emphasis added.) Inmates are, however, permitted to possess another offender's legal documents in the law library when both offenders are present. DOC Policy 590.500(II)(D). Thus, pursuant to this unchallenged DOC policy, Grenning was prohibited from possessing the Supreme Court decision and he therefore cannot show that he had a right to possess a copy of the decision. Indeed, he had no right to possess it anywhere other than the law library with the offender at issue in the decision present.

Grenning argues the Supreme Court decision was not another inmate's "legal papers," but was instead a published decision to be used as legal authority in briefing. He also points to an assistant attorney general's email suggesting there may not have been a "solid basis to reject [the Supreme Court decision]." Appellant's Br at 9, 34 (citing CP at 521)). But DOC Policy 590.500 explicitly prohibits inmates from possessing another inmate's legal materials, including case law, and one attorney's subjective opinion that "there is no basis to confiscate the material" is of no consequence here.

10

Accordingly, because Grenning cannot show a right to possess the Supreme Court decision in his cell, his conversion and trespass to chattels claims as to that item fail as a matter of law.

### B. Duplicate Copies

Grenning next argues the DOC employees wrongfully withheld PRA documents on the ground that they were duplicative. This claim also fails because the DOC had regulatory authority to reject the mailing.

WAC 137-48-040(1)(f) states:

(1) Incoming mail to individuals may be disapproved for receipt for any one of the following reasons:

. . . .

(f) The mail contains items identified by the department secretary or designee as not authorized including, but not limited to, *multiple copies of documents*, mailings soliciting or offering games of chance, clippings from books or magazines.

(Emphasis added.)

Here, the rejection notice informed Grenning his incoming mail was being rejected because it "contained 5 copies of the same document" and because the documents "contained information on an individual currently under [DOC] supervision." CP at 190. Because the mailing contained multiple copies of the same document, Grenning was not entitled to possess it under WAC 137-48-040(1)(f). Therefore, his conversion and trespass to chattels claims related to the duplicate copies fail.

11

Grenning asserts that the seized documents were not duplicates and instead were unique because they had different Bates numbers affixed to them. But the plain language of WAC 137-48-040(1)(f) allows the department secretary or a designee to determine if the mailing is not authorized. Here, the DOC employees determined that the documents were duplicates and therefore rejected them under the regulation.

Grenning also contends the documents could not have been duplicates because they were produced in response to a PRA request, and he reasons that DOC would have violated the PRA if it disclosed multiple copies of the same record. But it is not a violation of the PRA to disclose duplicate copies of public records. Instead, we have held it is merely *imprudent* for agencies to make duplicative disclosures. *See Mitchell v. Dep't of Corr.*, 164 Wn. App. 597, 607, 277 P.3d 670 (2011) ("[D]uplication of effort is outside the agency's obligation of 'fullest assistance' under the PRA."); *see also Rental Hous. Ass'n of Puget Sound v. City of Des Moines*, 165 Wn.2d 525, 536, 199 P.3d 393 (2009). Thus, even if the materials came from a PRA response, it would not establish they were necessarily distinct nor that DOC lacked authority to reject them as duplicates under the WAC.

Because the DOC had authority to reject incoming mail containing multiple copies of documents, Grenning cannot establish either a wrongful taking or a right to possess the rejected duplicate materials. His tort claims based on those documents therefore fail.

### C. Copies of Personal Mail

Finally, Grenning argues the DOC employees wrongfully withheld his original personal mail and gave him photocopies instead. This argument fails because DOC Policy 450.100 expressly permits that practice. The policy states: "In lieu of the original, photocopies of the envelope and/or contents may be provided to the individual for safety and security reasons" and "[p]roviding photocopies does not require a mail rejection notice." DOC Policy 450.100(IV)(E). Because DOC policy permitted the DOC employees to provide photocopies instead of original mail, Grenning cannot show he had a right to possess the original mail at issue while incarcerated. Without such a right, his conversion and trespass to chattels claims fail.

Grenning argues the originals should not have been withheld because there was no evidence the mail was contraband. But this argument mischaracterizes what occurred. Grenning's original mail was not rejected. Instead, it was photocopied pursuant to DOC Policy 450.100. Grenning acknowledges he received photocopies of his mail. And nothing in DOC Policy 450.100 conditions the use of photocopies on a determination that the original mail is contraband. Thus, even assuming the mail was not contraband, it would not establish that Grenning had a right to possess the originals.

Grenning also argues the DOC employees were required to provide rejection notices under WAC 137-48-050(2). But that argument fails for the same reason.

Because the mail was not rejected, the rejection-notice requirement did not apply. *See* DOC Policy 450.100(IV)(E).

Accordingly, Grenning cannot establish that he had a right to possess the original personal mail at issue. Because he cannot prove this necessary element, summary judgment on his conversion and trespass to chattels claims was proper.

After considering Grenning's response to the motion along with the other documents submitted, we conclude that the trial court did not err in dismissing Grenning's claims on summary judgment. Grenning's conversion and trespass to chattels claims fail as a matter of law.

3.   STRIKE PURSUANT TO RCW 4.24.430

Grenning argues the trial court erred when it issued a "strike"[6] against him under RCW 4.24.430. The DOC employees contend the court did not abuse its discretion when it issued the strike. We agree with the DOC employees.

RCW 4.24.430 provides that, if a person serving a criminal sentence in a correctional facility "seeks leave to proceed in state court without payment of filing fees in any civil action . . . the court shall deny the request for [a] waiver . . . if the person has,

---

[6] We adopt the parties' use of the term "strike" for a qualifying dismissal under RCW 4.24.430. Although the term "strike" is not used in the statute, Division Two used that term in reference to the statute. *See also In re Pers. Restraint of Troupe*, 4 Wn. App. 2d 715, 727-29, 423 P.3d 878 (2018) (using the term "strike").

on three or more occasions while incarcerated, . . . brought an action or appeal that was dismissed by a . . . court on the grounds that it was frivolous or malicious."[7]

While there is scant Washington case law addressing RCW 4.24.430, there is a wealth of case law addressing frivolousness determinations. Under Washington law, "'[a] lawsuit is frivolous when it cannot be supported by any rational argument on the law or facts.'" *Skimming v. Boxer*, 119 Wn. App. 748, 756, 82 P.3d 707 (2004) (quoting *Tiger Oil Corp. v. Dep't of Licensing*, 88 Wn. App. 925, 938, 946 P.2d 1235 (1997)). "It must be frivolous in its entirety; if any of the asserted claims are not frivolous, the action is not frivolous." *Skimming*, 119 Wn. App. at 756. We review a trial court's determination that an action is frivolous for an abuse of discretion.[8] *Alexander v. Sanford*, 181 Wn. App. 135, 184, 325 P.3d 341 (2014).

Here, in its order granting the DOC employees' motion for summary judgment, the court issued Grenning "a strike pursuant to RCW 4.24.430." CP at 492. Although the court's written order does not contain the court's reasoning for the strike, Grenning

---

[7] "The text and legislative history of RCW 4.24.430 show that the legislature's intent when it enacted that statute was to conserve state resources and reduce abusive inmate litigation. The statute penalizes inmates who have a history of filing frivolous or malicious lawsuits by effectively preventing them from proceeding at public expense in state court." *Id.* at 734.

[8] Grenning argues review of the court's decision to issue him a strike is de novo. Though there is no case law directly addressing what standard of review applies to a court's decision to issue a strike pursuant to RCW 4.24.430, a trial court's determination that an action is frivolous is generally reviewed for an abuse of discretion.

failed to challenge any of the DOC policies related to his tort claims. Without challenging those underlying policies, Grenning's claims could not be supported by any rational argument in law or facts.

Grenning argues that his prior lawsuits and litigation have been "overwhelmingly successful." Appellant's Br. at 39-40. But Grenning's past successes do not prove that his current lawsuit is not frivolous.

The trial court did not abuse its discretion when it issued Grenning a strike under RCW 4.24.430.

CONCLUSION

Although we conclude the trial court abused its discretion by incorrectly applying the rules related to timing of a motion to enlarge time, we nonetheless affirm the order granting the DOC employees' motion on summary judgment.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, C.J.

WE CONCUR:

_____          _____
Hill, J.                                                      Cooney, J.